GILFILLAN, Appellant, v. SCHALLER, Respondent.

(144 N. W. 918.)

**Costs—Appeal—Printing Briefs—Taxation of Costs—Disbursements Per Page—Statute.**

Supreme Court Rule 10 (140 N. W. xiii), adopted April 1, 1913, which provided that disbursements for printing should not exceed amount actually and necessarily expended or incurred, nor in any case exceed $1 per page for first 50 pages, was superseded by Laws 1913, Ch. 168, operative July 1, 1913, and not in the mind of the Court when the rule was adopted, amending Code Civ. Proc., Sec. 411, subd. 5, and providing that disbursements for printing briefs to conform to rules of Supreme Court shall be $1 per page for 50 pages or less, and 75 cents per page for each additional page; and the Supreme Court is without power to declare by its rules that disbursements for printing briefs shall not be taxed in excess of amount actually expended or incurred.

(Opinion filed January 12, 1914.)

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action by Caroline W. Gilfillan against Ralph R. Schaller. From the taxation of costs for printing a brief of less than 50 pages at the rate of $1 per page, plaintiff appeals. Affirmed.

See, also, 32 S. D. 638, 144 N. W. 133.

*Ernest D. Ede,* for Appellant.

*W. A. Lynch,* and *L. T. Hinkley,* for Respondent.

SMITH, P. J. This case is before us on appeal from the taxation of costs for printing briefs. The taxation was at the rate of $1 per page, the brief containing less than 50 pages.

Rule 10 of this court (140 N. W. xiii), adopted April 1, 1913, among other things provides: "Disbursements for printing under this rule shall not exceed what has been actually and necessarily expended or incurred by the party seeking to have the disbursements allowed, nor, in any case, exceed $1.00 per page for the first 50 pages," etc. At the hearing appellant presented an affidavit tending to show that respondent's brief and abstract were printed and paid for at the rate of 75 cents per page, and that the actual expenditure for printing was $34.50, whereas the cost taxed amounted to $46. It is appellant's contention that the taxation at the rate of $1 per page is contrary to the provisions of rule 10 above referred to.

Chapter 168, Laws of 1913, approved March 13, 1913, provides as follows: Sub. 5. Disbursements for printing of brief or abstract of record, when printed to conform to the rules of the Supreme Court, shall be $1.00 per page for 50 pages or less, and 75 cents per page for each additional page." It will be observed that rule 10 was adopted April 1, 1913. Chapter 168, supra, contained no emergency clause and did not become operative until July 1, 1913. Chapter 5, laws of 1911, requires the Secretary of State, within three days after the filing of an act with the emergency clause, to furnish the Presiding Judge of this court with a copy thereof. Chapter 168, Laws of 1913, not being within the purview of this act, no copy was furnished the Presiding Judge. The act was passed and approved 18 days prior to the adoption of rule 10, but was not brought to the attention of the court at the time the rules were adopted. This act of the legislative assembly, specifically declaring the rate at which costs for printing shall be taxed, renders the rule adopted by the court entirely void. The Legislature having declared that disbursements for printing shall be $1 per page, this court is without power to declare by its rules that disbursements therefor shall not be taxed in excess of the amount which has been actually expended or incurred, however just and meritorious such a rule may be.

It follows that costs for printing must be allowed and taxed at the rate of $1 per page, and the taxation as made by the clerk under the statute is therefore affirmed.